WILLIAM W. HARPER

*v.*

AUGUST TIDHOLM.

*Filed at Ottawa April 1, 1895.*

1. EVIDENCE—*what is prima facie proof that abstract is merchantable.* Under a bill praying for the cancellation of a contract for the sale of land as a cloud upon the vendor's title, which contract provided that a merchantable abstract should be furnished, proof by such vendor that he furnished an abstract made by the recorder of deeds, together with the testimony of a number of real estate men that abstracts furnished by such recorder were merchantable, is sufficient to warrant a decree, in the absence of counter testimony.

2. EQUITY—*when damages will be treated as liquidated, in equity.* The rule that equity will not enforce a penalty or forfeiture does not apply where it appears that the contract was for the sale of land, and that the same was terminated, in accordance with its terms, by the vendor before filing his bill to cancel it as a cloud, and that the earnest money, specified in the contract as "liquidated damages," was forfeited by the acts of the parties, and that no question was raised at the trial that the sum so forfeited was in excess of the actual damages sustained by the vendor.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. W. G. EWING, Judge, presiding.

This is a bill by defendant in error to remove a cloud from his title. The record shows that on April 28, 1891, Harper, plaintiff in error, and Tidholm, defendant in error, entered into the following written agreement:

"This memorandum witnesseth, that August Tidholm hereby agrees to sell, and W. W. Harper, Jr., agrees to purchase, at the price of twenty-five thousand ($25,000) dollars, the following described real estate, situated in Cook county, Illinois: Lots three (3), four (4), five (5) and six (6), of McClellan's subdivision, block twenty-nine (29), in the east half ($\frac{1}{2}$) of the south-east quarter (S. E. $\frac{1}{4}$) section twenty-one (21), township 38 north, range 14, east of the 3d P. M., subject to all taxes and assessments

levied after the year 1890, any unpaid special taxes or assessments levied for improvements not yet made. Said purchaser has paid thirty-five hundred ($3500) dollars as earnest money, to be applied on said purchase when consummated, and agrees to pay within five days after the title has been examined and found good, the further sum of sixty-five hundred ($6500) dollars at the office of August Tidholm, Chicago, provided a good and sufficient warranty deed, conveying to said purchaser a good title to said premises (subject as aforesaid), shall then be ready for delivery, the balance to be paid as follows: Seven thousand five hundred ($7500) dollars on or before one (1) year from date, and seven thousand five hundred ($7500) dollars on or before two (2) years from date hereof, with interest at the rate of six per cent per annum, payable semi-annually, to be secured by notes and mortgage or trust deed of even date herewith on said premises, in the form ordinarily used by August Tidholm. A complete merchantable abstract of title, or merchantable copy, to be furnished within a reasonable time, with a continuation thereof brought down to this date. In case the title or abstract of title, upon examination, is found materially defective within ten days after said abstract is furnished, then, unless the material defects be cured within sixty days after written notice thereof, and unless a merchantable abstract of title or merchantable copy shall be furnished by said Tidholm, the said earnest money shall be refunded and this contract to become inoperative. Should said purchaser fail to perform this contract promptly on his part at the time and in the manner herein specified, the earnest money paid as above shall, at the option of the vendor, be forfeited as liquidated damages, including commission payable by vendor, and this contract shall be and become null and void. Time is of the essence of this contract and of all the conditions thereof.

"In testimony whereof, said parties hereto set their hands this twenty-eighth day of April, A. D. 1891.

W. W. Harper, Jr.,

· August Tidholm."

On April 30 Harper had this agreement recorded in the recorder's office of Cook county. Soon thereafter Tidholm furnished Harper with an abstract of title made by the recorder of deeds of Cook county, as a merchantable abstract, in pursuance of the agreement, which abstract Harper, after having submitted the same to his counsel, refused, on advice of his counsel, to accept, claiming that it was not a complete, merchantable abstract, as the agreement required Tidholm to furnish. On July 1, 1891, Tidholm tendered to Harper a warranty deed, duly executed and acknowledged, conveying the property in question to Harper in fee simple, and demanded payment and compliance with the agreement by Harper on his part. Harper refused to accept the deed on the sole ground that the abstract was not a complete, merchantable abstract, as called for by the contract. Thereupon Tidholm declared the agreement null and void, and the earnest money of $3500 forfeited to him as liquidated damages under the contract, and so notified Harper.

On July 27, 1891, Tidholm filed his bill in equity in the Superior Court of Cook county to cancel and remove said agreement and record thereof as a cloud upon his title. The bill set up the agreement and the facts as above stated. Harper answered, admitting the substance of the bill, except that he denied the allegation therein that the abstract was a complete, merchantable abstract or a merchantable copy, and denied that Tidholm was entitled to forfeit said earnest money, or to declare the contract null and void. He also filed his cross-bill for specific performance of the agreement, alleging that he was ready, and always had been, to accept and pay for the premises as provided in the agreement, on being

furnished by Tidholm with a complete, merchantable abstract of the title or a merchantable copy, and a proper deed of conveyance conveying full title to him.

Issues were made on the bill and cross-bill, and the cause referred to the master, who reported the evidence and his conclusions to the court. The court overruled Harper's exceptions, approved the findings of the master, and decided, in accordance with the master's recommendations, that the equities of the case were with Tidholm; that the allegations of his bill were true; that he had furnished such abstract to Harper as the agreement called for, and had complied with all the terms of his agreement, but that Harper had failed and refused to carry out his part of the same, and that owing to such failure Tidholm elected to and did declare the earnest money forfeited as liquidated damages, and the said contract to be null and void; that said earnest money, by the terms of the contract, was forfeited to Tidholm and the contract null and void, and as recorded was a cloud upon Tidholm's title; decreed that it be removed, and that Harper execute, acknowledge and deliver a quit-- claim deed to Tidholm for said premises in twenty days; that Tidholm have and retain the payment made upon the agreement, as his damages by reason of Harper's default; that the cross-bill be dismissed, and that Harper pay the costs, etc. Harper brings this writ of error to reverse the decree.

EDWARD W. CULLEN, for plaintiff in error:

It is true the contract provides for a forfeiture to be made, but we do not think that a court of equity may decree a forfeiture under circumstances of this kind. A court of equity will never enforce either a penalty or a forfeiture. *Insurance Co.* v. *Race*, 142 Ill. 338.

The undertaking implied by law in a person, firm or corporation engaged in the business of searching public records, examining titles to real estate, and making ab-

stracts thereof for compensation, is, that such person or firm possessed the requisite knowledge and skill, and the use of due and ordinary care in the performance of duty in such business. *Chase* v. *Heaney*, 70 Ill. 270.

In order for a vendor to enforce against the vendee the specific performance of a contract in the sale of his land, his title must be free from suspicion. *Hoyt* v. *Tuxbury*, 70 Ill. 331; Sugden on Vendors, 385; *Page* v. *Greeley*, 75 Ill.400; *Close* v. *Stuyvesant*, 132 id. 619.

THORNTON & CHANCELLOR, for defendant in error:

What is a merchantable abstract is a question of fact. *Williams* v. *Daly*, 33 Ill. App. 454.

The parties are authorized to agree upon any sum as compensation for a breach, which does not manifestly exceed the amount of the injury suffered. This is believed to be the doctrine of the courts, and to be well sustained by authority. *Scofield* v. *Tompkins*, 95 Ill. 194; *Downey* v. *Beach*, 78 id. 53.

This is more particularly the rule in cases where the amount of damages, as in this case, is difficult of ascertainment. *Wolf* v. *Railroad Co.* 64 Iowa, 380; *Railroad Co.* v. *Rust*, 19 Fed. Rep. 239.

Mr. JUSTICE CARTER delivered the opinion of the court:

Substantially the only question raised by the pleadings and proofs, as well as by the arguments of counsel, is, was the abstract of title furnished by plaintiff in error to defendant in error, under the agreement for the sale of the premises mentioned, a merchantable abstract? Counsel for defendant in error state the question as follows: "The issue raised by the pleadings, and upon which evidence was adduced, was whether the abstract furnished was merchantable, and in compliance with the terms of the contract. * * * It is not a question of whether the separate conveyances noted are correctly given, but whether or not it is made by an abstract maker whose product, as such, is merchantable."

By the contract Tidholm bound himself to furnish Harper a complete merchantable abstract of title or a merchantable copy. Harper insisted by his answer and cross-bill, and insists here on argument, that Tidholm failed to do this, and that he was not, therefore, in default for refusing to take conveyance of the property and to pay for it. No defect in the abstract or in the title was pointed out nor was any alleged, but, as we understand counsel, the sole objection was and is this: that abstracts of title prepared and furnished by the recorder of deeds of Cook county are not merchantable. Twelve witnesses were examined by the master on behalf of the complainant, none having been offered by the defendant. These witnesses were lawyers, real estate agents and makers and examiners of abstracts, and conveyancers, and appeared to have special knowledge of the subject matter of the inquiry. Two of these witnesses testified to the methods used in making abstracts by the recorder, and ten of them testified that these abstracts were merchantable, and that they passed current as reliable and properly prepared abstracts of title among those buying and selling real estate and having occasion to examine and pass upon titles. On cross-examination defendant's counsel drew from some of these witnesses statements to the effect that they had occasionally heard objections raised to the recorder's abstracts, sometimes based upon the supposed irresponsibility of the recorder, and sometimes raised by persons interested in the abstract companies. It is to be noted that the defendant below, although relying upon this issue of fact raised by the pleadings as substantially the only question in the case, called no witnesses, and made no effort, except upon cross-examination of complainant's witnesses, to prove that these abstracts were not merchantable. No review of the evidence is called for, as it was substantially all in support of complainant's bill. It shows, without doubt, that the abstract furnished by

Tidholm complied with his contract in that respect.  If it was really desired to litigate the question whether or not these abstracts are merchantable, defendant below should have made some proof at least tending to disprove that adduced by his adversary.

Something is said in the argument about the rule that a court of equity will never enforce either a penalty or a forfeiture, and that the decree in this case is erroneous in that it declares the contract forfeited, and that the complainant is entitled to retain as liquidated damages the $3500 paid as earnest money.  The forfeiture had been declared by the complainant and the contract ended by him, in strict accordance with its terms, before the bill was filed, but Harper having placed the contract on record it was a cloud on his title, and the bill was filed to remove that cloud.  In affording this relief, it of course became necessary for the court to determine whether the contract was still subsisting or not, and the effect of the decree was to find that it had been terminated in accordance with its terms, by the acts of the parties themselves, and that it was therefore null and void and a cloud upon the title.  As to the forfeiture of the $3500 earnest money, that had also taken place by the acts of the parties to the contract, and no question was raised by the answer or cross-bill, or by the proofs, that this amount, which the contract provided should be treated as liquidated damages, was in excess of the actual damages sustained by Tidholm by reason of Harper's default.  The question, therefore, as to whether equity would go behind the terms of the contract and declare the sum fixed by the parties as a measure of damages in case of default to be a mere penalty, and allow only the actual damages sustained, is not presented by the record.  It is just as consistent with the facts proved that Tidholm's damages exceeded $3500 as that they were less, and the parties having agreed upon that sum in their contract as the

true measure of damages, and it not being brought in question by the pleadings and proofs, there is no occasion for this court to interfere in what seems to have been so satisfactory to those appearing to be most interested.

The decree of the Superior Court is affirmed.

*Decree affirmed.*