FREUNDSCHAFT LODGE No. 72 D. O. H. *et al.* Appellees, *vs.* ANNA ALCHENBURGER *et al.* Appellants.—HUMBOLDT LODGE No. 84, D. O. H. *et al.* Appellees, *vs.* AMALIE DOST *et al.* Appellants.

*Opinion filed June 18, 1908—Rehearing denied October 8, 1908.*

1. BENEFIT SOCIETIES—*when subordinate lodges are bound by rules of the order.* Subordinate lodges established by the State grand lodge, acting under the authority of the United States grand lodge, which have for many years maintained their existence under the authority of such grand lodges and conformed to the laws, rules and regulations of the grand lodges, which have recognized and treated the subordinate lodges as fully organized and constituted, are bound by the laws of the order.

2. SAME—*when withdrawing members of lodge are not entitled to funds and property.* Members of a subordinate lodge who vote to withdraw from the order and who thereafter organize an independent lodge, notwithstanding more than five members of the old lodge refused to so vote and continued to act as the old lodge under a rule of the order prohibiting a majority of members from dissolving the lodge if five members remained, are not entitled to the funds and property of the old lodge, and having voluntarily forfeited their rights by withdrawing against such law, they cannot invoke the rule against enforcement of forfeitures in equity.

3. NAMES—*when lodges have no exclusive right to names.* Unincorporated subordinate lodges known as Freundschaft Lodge No.

72 D. O. H. and Humboldt Lodge No. 84 D. O. H., of the Hertha Grad, have no exclusive right to the use of the words "Freundschaft Lodge," "Humboldt Lodge," "Hertha," or to said words combined, and their rights are not violated by a new organization taking the name "Hertha Schwestern von Illinois," or by the use of the lodge names "Freundschaft Lodge No. 1 H. S. I." and "Humboldt Lodge No. 4 H. S. I."

4. APPEALS AND ERRORS—*when Supreme Court will entertain an appeal though less than $1000 is involved.* The Supreme Court may entertain an appeal from the Appellate Court although less than $1000 is involved and there is no certificate of importance, where the suit is not purely an action *ex contractu,* but is one in which an injunction and other relief is sought incident to the recovery of money.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

This litigation concerns the funds, property and records of Freundschaft Lodge No. 72 and Humboldt Lodge No. 84, Deutscher Orden der Harugari, (German Order of Harugari,) generally known as D. O. H.

The suit in the Freundschaft Lodge case originated by Fredericka Beyer filing a bill of interpleader in September, 1904. Said bill of interpleader, as amended, averred that complainant was a trustee of said Freundschaft Lodge No. 72 of the Hertha Grad, (or degree,) a subordinate lodge of the Grand Lodge D. O. H. of Illinois; that by the charter granted the said subordinate lodge a subordinate lodge should consist of not less than five members; that the purpose of the Order of Harugari and of Freundschaft Lodge is to extend sick and other benefits to its members; that on account of the grand lodge having increased the per capita tax upon members, dissensions have arisen in Freundschaft Lodge and a large number of its members have seceded and incorporated themselves under the name "Freundschaft Lodge No. 1, Hertha Schwestern von Illinois," (Sisters of

Illinois.) The names of the alleged seceding members are set out in the bill and they are made parties defendant thereto. The bill alleges that complainant, as trustee, has in her hands securities and moneys of said lodge amounting to about $2000; that the seceding members of the said lodge claim that because they constitute a majority of the membership they are entitled to all the money and property of said lodge, and that the remaining members of said lodge who did not withdraw therefrom, being more than five in number, also claim said moneys and property. Complainant is one of the members who did not secede or withdraw from the lodge. She alleges in her bill that she is willing, and offers, to bring the money and property into court, and asks that Freundschaft Lodge No. 72 and Freundschaft Lodge No. 1, and the "seceding members" and the "remaining members," all of whom are made parties defendant, be required to interplead.

The suit in the case of Humboldt Lodge No. 84 was instituted in the name of that lodge, claiming also to be a subordinate lodge of the Hertha degree of the grand lodge of Illinois. The bill alleges that a number of the members of the subordinate lodge seceded or withdrew therefrom but at least seventeen members remained; that the seceding members formed an organization called "Humboldt Lodge No. 4, Hertha Schwestern," and claimed the right to the money and property, amounting to about $950, of Humboldt Lodge No. 84, and were endeavoring to secure and appropriate the same by withdrawing it from the bank where it was on deposit. The bill prays that the defendants be enjoined from interfering with the faithful members of Humboldt Lodge No. 84 in carrying on the work and purposes of the organization, and from using any of the lists, books, papers, documents, paraphernalia or assets of the said lodge, and from employing the name "Humboldt Lodge" or "Hertha Schwestern" in any combination whatever.

A stipulation: was entered into between the parties that Freundschaft Lodge No. 72, fifteen members thereof named in the bill, the United States Grand Lodge D. O. H. and the Grand Lodge of Illinois D. O. H. should be treated and considered as complainants in the original bill and defendants to a cross-bill filed by defendants to the original bill. A similar stipulation was entered into in the Humboldt Lodge case. The stipulation further reads: "And it is further stipulated by all and every of the said parties, that all formal pleadings whatsoever in said cause be and the same are hereby waived and that the entire cause may be set down for hearing in the near future by the court, and that all proof whatsoever may be offered on such hearing by the respective parties and admitted and considered by the court that would be admissible under any bill or cross-bill or answer or petition, whether original or amended or supplemental or intervening, or in any other form, that might be filed in said suit, and the hearing and decision and decree of the court shall be upon the facts thus shown, without reference to any question or questions of pleading whatsoever, and such relief may be granted as may be warranted by the proof, irrespective of any and every question of pleading." The interpleader filed by Fredericka Beyer was thereafter treated and considered as having been consolidated with the cause and no questions affecting the pleadings are raised.

The cross-bill in the Freundschaft Lodge case alleged that said Lodge No. 72 D. O. H. was a co-partnership; that it was dissolved by vote of a large majority of the co-partners in September, 1904, and the persons having control of its moneys and property were directed to distribute the same equally among the members; that said money and property were in control of certain persons constituting less than ten per cent of its membership, and that said persons insisted they had a right to continue the co-partnership under the name "Freundschaft Lodge No. 72 D. O. H.,"

and that they were also entitled to the whole of the assets, moneys, books, paraphernalia and property belonging to said co-partnership and refused to permit the retiring members to withdraw any share or portion thereof. The cross-bill prayed that the partnership be declared void, that an account be taken and that the parties holding said moneys and property be ordered to distribute the same to the persons entitled thereto. The theory of the cross-bill in the Humboldt Lodge case and the prayer are substantially the same as in the Freundschaft Lodge case.

Upon the hearing the court entered a decree giving to Freundschaft Lodge No. 72 D. O. H. and to Humboldt Lodge No. 84 D. O. H. the property and funds in controversy, and enjoined the defendants to the original and the complainants in the cross-bills from employing the name "Freundschaft Lodge" or "Humboldt Lodge," or the name "Hertha Schwestern" or "Hertha," in any combination, in connection with any organization, and dismissed the cross-bills for want of equity. Defendants to the original bills appealed to the Appellate Court for the First District. That court affirmed the decrees of the superior court in all respects, except so much thereof as enjoined the defendants from using the name "Freundschaft Lodge" or "Humboldt Lodge" or the name "Hertha Schwestern" or "Hertha." The Appellate Court held that no right of complainants was violated or interfered with by the use of these names, and to that extent modified the decrees of the superior court. Defendants have prosecuted this appeal from the judgment of the Appellate Court and the cases have been consolidated here.

AMMEN, HUMPHREY & JOYNER, for appellants.

SOL. LEVISOHN, (ISRAEL COWEN, of counsel,) for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Humboldt Lodge No. 84 D. O. H. has entered a motion to dismiss the appeal as to it on the ground that less than $1000 is involved. If this suit were purely an action *ex contractu* or sounding in damages this court would have no jurisdiction to entertain the appeal, no certificate of importance having been granted by the Appellate Court. The suit, however, is not alone for the recovery of money. An injunction and other relief not incident to the recovery of money are sought, and the case comes within the provisions of the statute authorizing appeals "in all other cases" than actions *ex contractu* where the amount involved is less than $1000, and cases sounding in damages where the judgment is less than $1000. (*Richards* v. *People,* 100 Ill. 423.) The motion is therefore overruled.

Both lodges whose money and property are here involved are subordinate lodges composed of women, and are called lodges of the Hertha degree D. O. H. The authority for their organization emanates from the constitution of the United States Grand Lodge D. O. H. Prior to 1869 there were two United States grand lodges, with subordinate State grand lodges,—one known as "Ancient Order of Harugari" and the other as "The Independent German Order of Harugari." Neither was incorporated, and in January of that year these two organizations merged into one order, under the name "Deutscher Orden der Harugari," (German Order of Harugari.) That order has existed up to the present time and has never been incorporated. It is the supreme grand lodge of the United States, to which all State grand lodges are subject. The independent German Order of Harugari granted a fraternal charter to the Illinois grand lodge of that order in 1863, under which the Illinois grand lodge was organized and acted until 1869. In March, 1869, the grand lodge of Illinois procured a charter from the legislature of the State of Illinois, in which it was named "The Grand Lodge of the Independent German

Order of the Harugari of the State of Illinois." It is insisted by appellants that this charter was never accepted and that its provisions were never complied with by the grand lodge. We find no evidence to the contrary in the record. At the meeting of the grand lodge of Illinois in August of that year the grand master reported the consolidation of the two United States grand lodges and of the dropping from the names of the order "Ancient" and "Independent," and a committee of three was appointed to see to securing a change of the charter of the grand lodge by omitting the word "Independent" therefrom. In the stipulation of facts it is stated that all State charters prior to 1869 were after the consolidation of the two United States grand lodges, and about August 1 of the year 1869, taken up and new charters issued to the different States by the United States Grand Lodge D. O. H., that being its name after the consolidation. The Illinois grand lodge continued to act as a grand lodge D. O. H. of the State of Illinois, and was recognized by the United States Grand Lodge D. O. H. as such. The minutes of the meeting of the grand lodge of Illinois of 1874 show the grand president reported that "a charter was obtained from Springfield, Illinois, under the name of D. O. H.," on September 30, 1873. Another corporate charter appears to have been secured in 1877, in which the name of the grand lodge is "Gross Loge des Deutschen Ordens der Harugari des Staates Illinois," (Grand Lodge of the German Order of Harugari of Illinois.) In 1886 proceedings were had for the consolidation of the corporation created by the act of the legislature of 1869 and the corporation created by the charter issued under the general law of 1877. This, the minutes recite, was agreed to by unanimous vote at the meeting of the grand lodge held in 1886, and that thereafter the grand lodge was to work under the name of "The German Order of Harugari of the State of Illinois." A committee was appointed to take necessary steps for legally carrying out

the resolution. The minutes of the grand lodge meeting of 1887 show that the grand president reported the incorporation of the grand lodge of the State of Illinois had been completed.

From this history of the United States and State grand lodges appellants attempt to show that the subordinate lodges here involved do not hold their charters by virtue of the authority of the Illinois grand lodge, a corporation; that said subordinate lodges are unincorporated; that they hold their charters from the United States grand lodge alone, and are subject only to the constitution and laws prescribed by the United States grand lodge, which is unincorporated, and are not subject to the authority of the Illinois grand lodge. It is also further contended that the Illinois State grand lodge, by the adoption of its constitution in 1904, separated itself from the grand lodge of the United States and repudiated its supremacy by declaring itself an Illinois corporation, and that in and by said constitution it was left optional with lady lodges to submit to the jurisdiction of the State grand lodge.

The abstract is so unsystematically arranged and so poorly indexed that it has been difficult to find exhibits offered in evidence on the trial or embraced in the stipulation of facts. We have endeavored, however, to at least find such portions of the documentary exhibits as are necessary to a decision of the case. As we understand the record, the grand lodge of the State of Illinois, in the matter of instituting and supervising subordinate lodges, whether lodges of men or of women, obtained its authority from the constitution of the United States grand lodge. By that constitution the provisions relating to the organization of men's lodges were, so far as applicable, made to apply to Hertha lodges. At least five members were required to constitute a subordinate lodge. The subordinate lodges here involved were established by the Illinois grand lodge purporting to act under and by virtue of the authority

of the United States grand lodge, and for more than ten years said subordinate lodges maintained their existence and operated under, and by virtue of such ·authority and conformed with the laws, rules and regulations of the United States and the State grand lodges.  During all this period, so far as we understand, the subordinate lodges were accepted and treated by the State and United States grand lodges as fully organized and constituted subordinate lodges, entitling their members to all the privileges and benefits of members of the order.  Under such circumstances they must be held to be bound by the laws of said order. Under said laws a majority of the members of said subordinate lodge had no power or authority to dissolve or destroy the lodge so long as five or more members remained and desired to continue the organization.  In each of these cases more than the required number to constitute a lodge remained in the organization and desired to continue its existence.  In the Freundschaft Lodge case, at a meeting held in September, 1904, by a majority vote a resolution that "we sever our connection with the order of Harugari" was adopted.  Five or more members did not vote for the resolution.  Those voting for the resolution thereupon, at the same meeting, organized Freundschaft Lodge No. 1, and afterwards had it incorporated as Freundschaft Lodge No. 1, Hertha Schwestern von Illinois.  Later they, acting with others, organized and procured to be incorporated the Illinois Grand Lodge of ·Hertha Schwestern von Illinois. By these acts they severed their connection with Freundschaft Lodge No. 72 and with the order of Harugari. Those who did not participate in these acts but remained with Freundschaft Lodge No. 72 elected officers of said subordinate lodge, and they have since that time been recognized as a lodge by the State and United States grand lodges.

We are unable to see any merit in the contention that by the adoption of the constitution of the Illinois grand

lodge of 1904 said State grand lodge repudiated the supremacy of the United States grand lodge and renounced its allegiance thereto.  The constitution of the State grand lodge, as we read it, expressly recognizes the supremacy of the United States grand lodge, and that the State grand lodge is subordinate to the authority of the United States grand lodge.  It provides for the payment by the State grand lodge of a per capita tax for the maintenance of the United States grand lodge and for sending representatives to its meetings.  If the withdrawing members of the organization have forfeited rights and property they did it by their own voluntary act, and in such case the rule against the enforcement of forfeitures in a court of equity cannot be invoked.  *Harper* v. *Tidholm,* 155 Ill. 370; *Village of Morgan Park* v. *Gahan,* 136 id. 515.

The same principles govern the case of Humboldt Lodge No. 84, and in our opinion the superior court correctly decreed the money and property involved, and the records, paraphernalia, etc., of said lodges belonged to Freundschaft Lodge No. 72 D. O. H. and Humboldt Lodge No. 84 D. O. H., the existence of said lodges having been continued by the requisite number of members who did not withdraw therefrom.

We agree with the Appellate Court that said complainant lodges have no exclusive right to the words "Freundschaft Lodge" or "Humboldt Lodge," or to the word "Hertha," or to said words combined, and that none of their rights were violated by the new organization taking the name "Hertha Schwestern von Illinois," or the use of the lodge names "Freundschaft Lodge No. 1 H. S. I." or "Humboldt Lodge No. 4 H. S. I."

The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*