CLEARWATER CITRUS GROWERS' ASSOCIATION, A CORPORATION, *Appellant,* v. A. G. ANDREWS *et al., Appellees.*

Opinion Filed March 8, 1921.

.Petition for Rehearing Denied April 4, 1921.

1. The voluntary withdrawal of members of a corporation not for profit severs their membership in the corporation and all connection with or interest in its business, property and assets.

2. Where a statute prescribes a method of dissolving a corporation by certain of its members, and they act in opposition to its provisions, they cannot be heard in a court of equity to ask its aid to dissolve the corporation, of which they have voluntarily ceased to be members, notwithstanding they could have accomplished their purpose by proceeding in accordance with the statute.

3. Upon the withdrawal of a majority from an organization or corporation, not for profit, those remaining in the organization or corporation constitute the true association and are entitled to the use and enjoyment of the association's property.

An Appeal from the Circuit Court for Pinellas County; O. K. Reaves, Judge.

Decree reversed.

*Macfarlane & Macfarlane* and *N. B. K. Pettingill,* for Appellant;

*W. A. Carter* and *James F. Glen,* for Appellees.

BROWNE, C. J.—The Clearwater Citrus Growers' Association, a corporation not for profit, was organized in 1909 under Chapter 5958, Laws of Florida. After operating about two years, three-fourths of its members formed a corporation known as the Pinellas Packing Company, and undertook to sell and dispose of all the assets of the Clearwater Citrus Growers' Association to the Pinellas Packing Company, taking in payment therefor the capital stock of the Pinellas Packing Company, which was to be fairly distributed among the members of the Clearwater Citrus Growers' Association.

A deed of conveyance was executed and delivered by

the officers of the Clearwater Citrus Growers' Association to the Pinellas Packing Company. This transaction is immaterial to the discussion of this case, as the deed from the Clearwater Citrus Growers' Association to the Pinellas Packing Company was cancelled by the decision of this court, and the possession of the property sought to be transferred was restored to the Clearwater Citrus Growers' Association. Pinellas Packing Co. v. Clearwater Citrus Growers' Ass'n, 72 Fla. 592, 72 South. Rep. 1028.

A minority of the members of the Clearwater Citrus Growers' Association voted and protested against the action of the majority, and refused to recognize their acts in attempting to dissolve the corporation, and continued the operation and existence of the association by electing officers and transacting the business for which it was organized.

After the execution and delivery of the deed of conveyance to the Pinellas Packing Company, the members of the Association who planned and carried out the scheme withdrew from the Clearwater Citrus Growers' Association. It was their intention to dissolve the Clearwater Citrus Growers' Association and they sought to do so by disposing of the assets of the Association and withdrawing membership therein.

After the decision of this court in the case of Pinellas Packing Company v. Clearwater Citrus Growers' Association, *supra*, those persons who had withdrawn from membership in the Clearwater Citrus Growers' Association filed their bill setting out that they made a mistake in the method they adopted to dissolve the association, and having failed in their plan, asked the court to appoint a receiver to wind up the business of the Clearwater Citrus Growers' Association and for other relief.

A demurrer to the bill was overruled, and the matter is before us on appeal from that order. The first and third grounds of the demurrer are in effect that the complainants are not entitled in a court of equity to the relief prayed for, and that the individual complainants by voluntarily withdrawing from membership in the Association forfeited all right or interest in its property and are not entitled to relief.

Chapter 5059, Acts of 1909, under which this Association was incorporated, provides that it "may be dissolved and its affairs wound up voluntarily by the written request of members representing two-thirds of the total votes, in the manner and with the effect now provided by law." Section 2836, General Statutes, 1906, provides that any corporation not for profit "wishing to dissolve may present a petition to the circuit judge, who shall direct notice thereof to be published for such time as he may judge to be expedient, and after the expiration of such time he may decree a dissolution and may make all necessary orders and decrees for the winding up of the affairs of such corporation."

The bill presents this aspect: a majority, constituting about three-fourths of the entire membership of the Association, attempted to dissolve it by a method that was foreign to, and ignored, the provisions of the statute as to how such a corporation could be dissolved. The bill seems to recognize, however, that they did not dissolve the corporation, because it alleges that they "thereupon gave notice of their withdrawal from the Growers' Association." Such notice could not have been given to an association that did not exist. It shows that they acknowledged the continued existence of the Association

and withdrew from any further membership in or connection with it.

The basis for the equitable relief sought in this case is that of mistake. The bill alleges that the "seceding members''—as they are designated in the bill—consulted an attorney as to the method of securing a dissolution of the corporation, and that the method they adopted was in pursuance of his advice and that it was by reason of their mistake in following his advice that their plan to dissolve the Association partially failed.

Much is said in the brief of appellee about the right of more than two-thirds of the members of the Association to affect its dissolution. About this there can be no controversy, but this right could only be exercised in the manner prescribed by law. The bill, however, discloses that those who sought to dissolve the Association adopted a method different from that prescribed by the statute. It is immaterial whether they did it on the advice of counsel or on their own initiative. When they adopted a method contrary to that provided by the statute, their action so far as it affected the Clearwater Citrus Growers' Association was a nullity, and their voluntary withdrawal from the Association, provided there were enough members left to keep it in existence, had the effect only of severing their membership and all connection with or interest in the Association, its business, its property or its assets.

The statutory method of dissolving the Association is so plain that even a layman can understand and follow it. Was the advice of counsel sought to interpret the statute or to devise a method for dissolving the Association different from that provided by the statute? Was his advice asked for the purpose of proceeding according

to the statute or to circumvent it? Where a statute pre-scribes a method of dissolving a corporation by certain of its members, and they act in direct opposition to its provisions, they cannot be heard in a court of equity, to ask its aid to dissolve the corporation, of which they have ceased to be members, notwithstanding they could have accomplished their purpose by proceeding in accord-ance with the statute.

The complainants in this case proceeded contrary to the statute in their attempt to dissolve the Association and failed. The bill recognizes that the Association was not dissolved—this suit being brought against it as a cor-poration—and it is treated throughout the bill as a go-ing concern.

The appellees contend that: "The equity exists as to the specific property embraced in the conveyance to the Packing Company and is independent of the right to dis-solve the Growers' Association, and it is really of no con-sequence to the complainants whether the Growers' Asso-ciation is wound up or not, provided they are protected in their equitable rights in the specific property. And this brings us to the point that there is equity in the bill, irrespective of the mistake, and irrespective of any right to dissolve or wind up the Growers' Association."

This contention ignores what the bill discloses, that the complainants withdrew from the Clearwater Citrus Growers' Association more than seven years before the filing of the bill, and that they are not now members of the Association and have not been since 1911.

The situation presented is this: the Clearwater Citrus Growers' Association is a going corporation, not for profit, from which some of its members who voluntar-

ily withdrew about seven years ago, are asking that the affairs of the corporation be wound up and its assets divided and that they receive a portion of them. Just where the independent equity exists from this situation we fail to see.

It has been held that upon the withdrawal of a majority from an organization or corporation, not for profit, those remaining in the corporation constitute the true association and are entitled to the use and enjoyment of the association's property. Union Benev. Soc. No. 8 v. Martin, 113 Ky. 25, 67 S. W. Rep. 38.

It seems well settled that members of a subordinate lodge or fraternal association who withdrew therefrom forfeit their interest in the lodge property and cannot invoke the rule against the enforcement of forfeitures in equity. Freundschaft Lodge No. 72, D. O. H., v. Alchenburger, 235 Ill. 438, 85 N. E. Rep. 653; McFadden v. Murphy, 149 Mass. 341, 21 N. E. Rep. 868; Ahlendorf v. Barkous, 20 Ind. App. 656, 50 N. E. Rep. 887; Altman v. Benz, 27 N. J. Eq. 331.

Counsel for appellees seek to differentiate these cases from the one under consideration by showing that in some of them the compact provides that the association should not be dissolved so long as a certain number of members remained; five in the Illinois case (Freundschaft Lodge No. 72, D. O. H., v. Alchenburger, supra), and fifteen in the Massachusetts case (McFadden v. Murphy, supra). We cannot see that this makes any distinction. It only affects the illegality of the attempt to dissolve the Association against the wishes of a certain number of its members, and does not affect the doctrine that withdrawing members forfeit their interest in the property. In those cases, as in the instant case, there

was an abortive attempt to dissolve the association.    In those cited, because a certain number of the members remained in the lodge or association who were unwilling for it to be dissolved or to surrender its charter; in the instant case, because they failed to proceed according to the method prescribed by the statute for the dissolution of the association.

The principle involved in those cases which is persuasive with us is that when a member of an association of this character voluntarily withdraws from it, he forfeits all interest in the property of the lodge or association.

In the case of Smith v. Smith, 3 Desaussure's Eq. (S. C.) *557, where some of the identical questions involved in this suit were discussed and determined, the court said: "There were some minor points in the case, which I will notice from respect to the counsel who urged them.    It has been stated that the fund in controversy was raised chiefly by the contribution of those lodges which have adhered to the change made by the Grand Lodge in Charleston, and that the lodges who adhered to the ancient charter had contributed but little to the fund. This may be, and I believe, is correct, but it cannot have any influence upon this cause, for whenever individuals or portions of a corporation quit the main body, they leave all the rights and funds of the corporation which remain in its perfect character.    This is the legal effect and result, not from the decree of this or any other court."

The bill in the instant case discloses that the complainants sought to dissolve the corporation, but failed, and that they then withdrew from membership in it, and have not been members for over seven years. When they with-

drew from the association they forfeited or relinquished all their rights to any interest in the property.

Even if they were seeking in this proceeding to recover what they claim to be their interest in the property and assets of the Clearwater Citrus Growers' Association, there would be no equity in their bill, but they are seeking more than this; they ask to have an incorporation of which they are not members, dissolved by a decree of this court against the wishes of the active members, who are operating it in accordance with its charter for the purposes for which it was organized. They do not charge that the Clearwater Citrus Growers' Association is acting in violation, or in contravention of, its charter, nor that it is guilty of any acts whereby its charter should be forfeited.

Having withdrawn from the association they surrendered all right they had as members, including their interest in the property or assets of the Association, and this court is without power, either to restore them to membership or to appoint a receiver to wind up the business of the Association upon their application, and make an equitable division of its assets among the parties entitled thereto. Even if this court had the power to comply with this part of the prayer of the bill, the assets would have to be divided among the present members of the association, as they and they alone have any interest in its property or assets. All of those who have withdrawn, resigned, "seceded" or otherwise ceased to be members of the Association, have by their voluntary acts forfeited and surrendered all right to, or any interest in the same.

It appears, therefore, that the demurrer to the bill should have been sustained, and the decree of the chan-

cellor overruling the demurrer is reversed, with directions to dismisse the bill.

TAYLOR, WHITFIELD AND WEST, J. J., concur.

ELLIS, J., dissents.