OZONA CITRUS GROWERS' ASS'N, a Corp., v. WM. C. Mc-LEAN, JR., as Executor of the Estate of Wm. C. McLean, deceased.

165 Sou. 625.

Division B.

Opinion Filed October 29, 1935.

Rehearing Denied December 11, 1935.

Supplemental Petition for Rehearing Denied February 21, 1936.

*Thomas Hamilton, Edwin W. Grenelle* and *E. Counts Johnson,* for Appellant;

*Wm. C. McLean, Jr.,* for Appellee.

TERRELL, J.—Appellant was a non-profit co-operative marketing association organized under Section 4510, Revised General Statutes of 1920, Section 6509, Compiled General Laws of 1927, and appellee's testator was a member of said association to June 2, 1923. The bill of complaint herein was filed by appellee as complainant, in June, 1926, and prayed that complainant be furnished a complete roll of the members of said association, a statement of its assets and liabilities, the exact amount of "retains" collected from the members of said association for designated years, and the disposition thereof and that the said association be dissolved and a receiver be appointed to take charge of and handle its assets.

The defendant answered the bill of complaint denying all the material allegations thereof, testimony was taken and on final hearing the chancellor decreed that Wm. C. McLean was not a member of the defendant association and therefore was not entitled to any right in the property or assets of the association, but that any balances of the "retains" deducted and held by said association from its members were debts due them which should be distributed and paid before any distribution of its assets was made. The instant appeal is from that decree.

The main question with which we are confronted is whether or not the "retains" deducted from the sale price of citrus fruits shipped by the association for Wm. C. McLean constitute an indebtedness for which McLean can sue and recover any balance shown to be due him after his resignation from the association.

The bill alleges that appellant, Ozona Citrus Growers' Association, was organized more than six years before this suit was brought, that its principal business was growing,

packing and marketing citrus fruits, which it continued to do from the time of its organization till the close of the 1924 season, when it ceased to do business. It is also alleged that Wm. C. McLean was a member of said association until June 2, 1923, when he resigned such membership. The "retains" referred to herein was a deduction of ten cents per box from each box of citrus fruits shipped and sold during the life of the association on behalf of its members, and was used for the general purposes of the association.

The charter of the association provides in effect that all moneys coming into its hands shall be used for expenses and general purposes of the association and that in the event any member retires therefrom in the manner provided by the charter, all rights and privileges in said association, belonging to said member, shall thereupon cease and determine.

Appellant contends that by reason of such provisions of the charter, Wm. C. McLean, having resigned his membership in the association, has forfeited all rights or interest in its assets and can now assert no claim against it. It relies on Clearwater Citrus Growers' Association v. Andrews, 81 Fla. 299, 87 So. 903, and cognate cases to support its contention.

In the last entitled case we held that the voluntary withdrawal of a member from such an association had the effect of severing his connection with or interest in the association, its business, property, interests or assets.

From the terms of the by-laws of appellant in Clearwater Citrus Growers' Association v. Andrews, it seems settled that when appellee retired from the association, he forfeited all right or interest therein, provided of course that the association continued a going concern. It is also

apparent that in the event the association continues active it may retain any unexpended balances of "retains" or other funds held by it as a continuous surplus or reserve fund to be used as circumstances require. McCauly v. Arkansas Rice Growers' Co-operative Association, 171 Ark. 1155, 287 S. W. 419.

The bill of complaint in this case alleges that the "retains" were used for the various purposes connected with the growing of citrus fruits, but that it was the policy of the association that where said "retains" become of sufficient proportions, all amounts not required for general purposes were distributed back to the members at the end of the season.

It is shown that appellant ceased to function as a going concern soon after appellee retired from it. Whether it was the practice of the association or not to prorate back to its members any "retains" on hand at the end of the season, in view of its demise, appellee had a right to recover his prorata part of any surplus on hand arising from "retains" for handling citrus fruits during his membership. Hood River Orchard Company v. Stone, 97 Oregon 158, 191 Pac. 662. For this purpose and no more he was entitled to the relief sought.

In view of this conclusion it becomes unnecessary to discuss other assignments of error.

The judgment below is accordingly affirmed.

WHITFIELD, C. J., and BROWN, BUFORD and DAVIS, J. J., concur.

### ON PETITION FOR REHEARING.

PER CURIAM.—Appellant and cross appellant have both filed petitions for rehearing in this cause. The ultimate purpose of cross appellant's petition is to permit appellee to share in the distribution of the assets of the appellant as

well as "his prorata part of any surplus on hand arising from retains for handling citrus fruits during his membership."

It was not and is not now the view of the Court that he should be permitted to do this. It was the practice of appellee's testator to join appellant in the fall for the purpose of handling his fruit through it and resign in the spring when his fruit was all disposed of. It was not shown that he was in any way responsible for the policy, obligations, or transactions of the appellant; he merely connected himself with it for a specific purpose and being so his recovery should be limited to his prorata part of any surplus on hand arising from retains for handling his fruit.

Both petitions for rehearing are accordingly denied.

WHITFIELD, C. J., and TERRELL, BUFORD and DAVIS, J. J., concur.

## ON PETITION FOR REHEARING.

PER CURIAM.—The questions raised on this supplemental petition for rehearing have been examined. The record and briefs have been examined with these questions in view and our conclusion is that the inaccuracy of statement and other matters complained of in our main opinion do not affect the merits of the cause. Under the facts of the case the limit of recovery was stated in our main opinion and should be adhered to. That is the real question involved.

Reaffirmed and rehearing denied.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.