T. F. ADAMS, *et al.*, v. SANFORD GROWERS' CREDIT CORPORATION, *et al.*

186 So. 239.
Division A.
Opinion Filed June 16, 1938.
Opinion on Rehearing Filed October 31, 1938.
Opinion on Second Rehearing Filed January 20, 1939.

*Garland W. Spencer* and *George A. DeCottes,* for Appellants;

*Lloyd F. Boyle* and *Crofton & Wilson,* for Appellees.

PER CURIAM.—This is an appeal from an order of the Circuit Court for Seminole County dismissing, on motion of defendants, appellees here, the amended bill of complaint filed by the appellants in said Circuit Court. The sole assignment of error is that the court below erred in dismissing the amended bill. After due hearing and consideration, the Court is of the opinion that the amended bill was not entirely without equity and that said assignment of error was well taken.

As the court cannot foresee what questions may be presented for decision by further pleadings and proof in this cause in the court below, the Court deems it unnecessary at this time to discuss and rule upon the somewhat numerous questions which have been so ably presented and argued in the briefs and argument of counsel for the respective parties, some of which may be materially changed or entirely eliminated when the evidence is taken.

Taking all of the allegations of the amended bill, which are well pleaded, as being true, which must be done on motion to dismiss, the bill is not without equity, and the order appealed from must be and is hereby accordingly reversed and the cause remanded.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.

## ON PETITION FOR REHEARING.

PER CURIAM.—The appeal in this cause is from a decree dismissing the amended bill of complaint. By opinion filed June 16, 1938, we reversed that judgment, holding that the amended bill was not totally devoid of equity. We expressed no opinion as to other questions raised.

We granted petition for rehearing on two points, viz ; (a) Is a cooperative marketing association organized and issuing its stock under Chaper 9300, Acts of 1923, Section

6466 *et seq.* Compiled General Laws of 1927, required to retire its stock held by stockholders who have deceased, withdrawn, or been expelled from the association? (b) Where a cooperative marketing association organized under Chapter 9300, Acts of 1923, sets up a Growers' Reserve Fund and accumulates money therein by a charge per package on all produce shipped through it, and deposits the amount so charged in growers' reserve fund account to the individual credit of the one paying it, can the association then refuse to account to the grower for the amount in said fund to his credit?

The lower court answered question (a) in the negative and question (b) in the affirmative. Appellants contend that the decree below should be reversed on both points. Appellees contend that the Court below should be affirmed on both points and rely on Clearwater Citrus Growers' Association v. Andrews, 81 Fla. 299, 87 So. 903, to support this contention.

Clearwater Citrus Growers Association, Appellant in the last cited cause, was organized under Chapter 5958, Acts of 1909. Sanford-Ovieda Truck Growers' Inc., the main defendant in this case is a cooperative marketing association, organized under Chapter 9300, Acts of 1923. These Acts are very similar but have some distinguishing features. The questions we are called on to answer turn on the interpretation of these two Acts, particularly the provisions dealing with by-laws.

Appellees say that Clearwater Citrus Growers' Association v. Andrews is decisive of this case because we there held that the voluntary withdrawal of members of a corporation not for profit severs their membership in the corporation and all connection with or interest in its business property and assets. The basis of this suit is to recover assets alleged to be due a retiring member of the associa-

tion. It appears however that Clearwater Citrus Growers' Association had previously adopted by-laws providing that in the event of retirement from the association any or all members forfeited all right or interest therein.

Chapter 5958, Acts of 1909, under which Clearwater Citrus Growers' Association was organized authorized the enactment of such a by-law. Paragraph "i" of Section 10, Chapter 9300, Acts of 1923, under which Sanford-Ovieda Truck Growers' Inc., was incorporated authorizes the latter company to enact by-laws setting up the manner in which members may withdraw from the association and the appraisement of the value of their interest in it.

Pursuant to such authorization, Sanford-Ovieda Truck Growers' Inc., enacted Section 11 of its by-laws which is as follows:

"For cause deemed sufficient, by unanimous vote of the Board of Directors, the marketing privilege may be withdrawn from a stockholder when, and in such case, the said stockholder shall be considered expelled and his equity in the association shall be adjusted as in the case of a withdrawing stockholder sees proper to withdraw from the association he can dispose of his stock only by unanimous consent of the Board of Directors by open vote and recorded in the minutes of the meeting at which such action was taken. In case the withdrawing member fails to find a buyer satisfactory to the Board of Directors, the Board of Directors shall provide for the purchase of said stock."

The defendant was authorized to enact such a by-law and instead of a forfeiture as provided in the by-laws involved in Clearwater Citrus Growers' Association, the retiring stockholder in the case at bar, may dispose of his stock by unanimous consent of the Board of Directors and in case he fails to find a purchaser satisfactory to the Board, the latter shall provide for the purchase of his stock. In

other words, Appellant being a retiring stockholder in the case at bar, is governed by the provision of the by-laws last quoted, and must find a purchaser for his stock satisfactory to the Board of Directors or the Board must provide for its purchase. There is no such thing as a forfeiture.

·What we have said in answer to the first question is conclusive of the second which has to do with the disposition of any credit .in favor of retiring stockholders in the growers reserve fund. The by-laws of defendant contain ample provision for the disposition of such reserves and are controlling. It follows that our judgment of reversal is adhered to but with directions to the Court below to proceed in the manner pointed out in this opinion.

Reversed with directions.·

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.

## ON SECOND PETITION FOR REHEARING

PER CURIAM.—In our opinion on rehearing filed October 31, 1938, we reversed the decision below on the theory that at the time of filing suit in the Circuit Court, Appellees had no by-laws providing for retirement of the capital ˙stock of its withdrawing, expelled, or ˙deceased members.

If that theory was well grounded, our opinion was correct but on second petition for rehearing, it is contended that such by-laws did exist and a copy thereof is furnished this Court on the second rehearing. The pleadings do not allege their existence at the time suit was brought.

On second petition for rehearing, the cause will stand reversed but with directions to the Circuit Court to permit Appellees to amend their bill of complaint if they can to show that the .by-laws .in question had been approved and

518

were in force at the time suit was brought. When this is done, the Chancellor will then proceed to determine the rights of the parties thereunder.

If the bill of complaint cannot be amended to make such showing, our opinions of June 16, and October 31, heretofore filed in this cause, must be and are hereby rescinded and the judgment of the Circuit Court affirmed.

Application for oral argument on second petition for rehearing is hereby denied.

It is so ordered.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

THOMAS, J., not participating, as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.