ANNIE E. DREKA, a Widow; A. F. DREKA, and MAXWELL DREKA, v. FRANCIS P. WHITEHAIR, J. GODFREY DREKA: DeLAND BUILDING COMPANY, a Corporation; J. C. PENNEY COMPANY, and G. A. DREKA & COMPANY.

192 So. 321
Division B
Opinion Filed November 28, 1939

*Carson & Petteway* and *John H. Stembler,* for Appellants;

*Hull, Landis & Whitehair* and *Erskine W. Landis,* for Appellees.

PER CURIAM.—This is an appeal from an order of the Circuit Court dismissing, on motion of defendants, plaintiffs' sworn bill of complaint and denying plaintiffs' motion asking for appointment of a special master and other relief.

After due hearing and consideration, the Court is of the opinion that the sworn bill of complaint is not entirely without equity. It is unnecessary at this time to consider whether or not the court below erred in denying plaintiffs' motion but inasmuch as the order dismissing the bill is being reversed, the way is left open for the parties to take such action as they may be advised, consistent with applicable principles of law.

Taking all of the allegations of the sworn bill of com-

plaint, which are well pleaded, as being true, which must be done on motion to dismiss, the bill is not without equity, and the order appealed from must be and is hereby reversed, and the cause remanded for appropriate proceedings. See City of Lakeland v. Ray, 114 Fla. 603, 154 So. 324; Lathers Land Co. v. New York Life Insurance Co., 115 Fla. 639, 155 So. 723; Mather v. Florida National Bank of Jacksonville, 132 Fla. 891, 182 So. 301; Adams v. Sanford Growers' Credit Corporation, 135 Fla. 513, 186 So. 239.

It is so ordered.

TERRELL, C. J., WHITFIELD, BROWN and CHAPMAN, J. J., concur.

BUFORD, P., dissents.

Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

BUFORD, J. (dissenting).—It appears to me that the allegations of the bill of complaint are so vague, indefinite and uncertain that they show no grounds for relief and that they fail to allege sufficient facts to constitute grounds for equitable relief against any of the defendants and certainly none against the defendant Whitehair. Therefore the order appealed from was without error.