ANNIE E. DREKA, a widow, A. F. DREKA and MAXWELL DREKA, Petitioners, v. FRANCIS P. WHITEHAIR, J. GODFREY DREKA, DELAND BUILDING COMPANY, a corporation, J. C. PENNEY COMPANY, a corporation, and G. A. DREKA & COMPANY, a corporation, Respondents.

199 So. 579
En Banc
Opinion Filed November 22, 1940
On Rehearing January 10, 1941

*Carson, Petteway & Stembler,* for Petitioners;
*Hull, Landis & Whitehair,* for Respondents.

PER CURIAM.—On an appeal from a final decree dismissing on motion the bill of complaint herein, this Court reversed the decree. Dreka v. Whitehair, 140 Fla. 802, 192 So. 321. Thereafter the Chancellor dismissed the bill of

complaint as to Francis P. Whitehair, one of the defendants below.

Plaintiffs below applied here for an interlocutory writ of certiorari under Rule 34 of this Court.

Upon due consideration it appears to the Court that the bill of complaint when all of its allegations are considered does not wholly fail to state a cause of action against the said defendant, Francis P. Whitehair, for appropriate equitable relief if sustained by due procedure and proofs.

A writ of certiorari will be issued and the order dismissing the bill of complaint as to said defendant is hereby quashed.

It is so ordered.

TERRELL, C. J., WHITFIELD, BROWN and CHAPMAN, J. J., concur.

BUFORD, J., dissents.

Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

BUFORD, J. (dissenting).—This matter is before us on appeal from a final decree dismissing a bill of complaint as to the defendant, Francis P. Whitehair.

The bill of complainant contains five (5) paragraphs in which Francis P. Whitehair is referred to. If there is any allegation in the bill of complaint which warrants relief in equity against Francis P. Whitehair it must be found in one or the other of these paragraphs of the bill. The material part of the first of these paragraphs reads as follows: ". . . that said Francis P. Whitehair is the family attorney of the Drekas and is and has been the attorney for said G. A. Dreka & Company for the past several years; . . .

". . . that finally on September 17, 1936, in submission to a threat made by J. Godfrey Dreka that unless the rest of

the Dreka family sold to him their stock in G. A. Dreka &
Company, he would turn the keys to said business over to
the sheriff and nobody would realize anything out of their
stock, said plaintiffs, Annie E. Dreka, A. F. Dreka and
Maxwell Dreka, together with G. Raymond Dreka and mem-
bers of his immediate family who held stock in G. A. Dreka
& Company, entered into purported contracts with J. God-
frey Dreka to sell him their stock for certain monthly pay-
ments; that said contracts were prepared by said Francis
P. Whitehair, or someone acting under his direction and
control. . . ;"

Certainly, no ground for equitable relief can be found in
this paragraph, it does not charge Whitehair with any mis-
conduct of any sort. The allegation is not sufficient to show
that Whitehair was employed as an attorney by any person
or persons whose interest was in conflict with the interests
of J. Godfrey Dreka. So far as the allegations of this par-
agraph are concerned it is apparent that Whitehair was made
a party for the purpose of requiring him to testify as a
defendant as to transactions between himself as attorney
and his client, J. Godfrey Dreka.

The second pertinent paragraph is as follows: ". . . that
during the month of March, 1938, when rumors that the
Dreka Building was to be leased to J. C. Penney Company
appeared in the DeLand Sun News, such occasion was the
first notice or first knowledge that said plaintiffs had of the
corporation known as the DeLand Building Company; that
said newspaper accounts stated that said Francis P. White-
hair was the president and said J. Godfrey Dreka was the
vice-president of said DeLand Building Company; that said
plaintiffs assumed that inasmuch as said Francis P. White-
hair had acted as attorney for the entire Dreka family and
for G. A. Dreka & Company, that he was acting in a fidu-
ciary capacity as agent for the Dreka family and that said

J. Godfrey Dreka was continuing to act in such a capacity in behalf of the Dreka family."

What is said as to the first paragraph applies also to this.

There is no allegation of any misconduct on the part of Whitehair; nothing alleged for which he could be called to account in equity. There is no definite charge that Whitehair was acting in any fiduciary capacity as agent for the Dreka family, but it is only alleged that plaintiffs *assumed* a condition to exist.

The pertinent paragraph three is as follows:

"That on May 16, 1938, after receiving a letter under date of May 7, 1938, from the said J. Godfrey Dreka, informing the said Annie E. Dreka that the last monthly payment was then being made, said Annie E. Dreka wrote to said Francis P. Whitehair, asking that he have said DeLand Building Company deed the interest owned by said Annie E. Dreka to her so that she could receive her part of the rent for the building direct from J. C. Penney Company which was to occupy that part of the building then occupied by the mercantile business of G. A. Dreka & Company; that said Francis P. Whitehair responded to said letter of said Annie E. Dreka on May 17, 1938, and stated that said building had been purchased by said DeLand Building Company from said G. A. Dreka & Company during the lifetime of G. A. Dreka, but said Francis P. Whitehair failed to state whether or not said Annie E. Dreka owned an interest in said DeLand Building Company; that on May 19, 1938, said Annie E. Dreka again wrote to said Francis P. Whitehair, again requesting that he cause the DeLand Building Company to deed to said Annie E. Dreka her interest in said building; that said Annie E. Dreka received an answer to said letter of May 19, 1938, from said Francis P. Whitehair dated May 20, 1938, stating that he could not

understand how said Annie E. Dreka claimed any interest in the building; that said building was sold by G. A. Dreka & Company to DeLand Building Company during the lifetime of said G. A. Dreka; that said Francis P. Whitehair further stated in said letter of May 20, 1938, that he personally had acquired all the bonds outstanding against said building."

The allegations of this paragraph are entirely insufficient to show that the plaintiff, Annie E. Dreka, has any interest whatever in the building referred to, or that she is entitled to any interest whatever in the capital stock of DeLand Building Company, or that she has any legal or equitable interest in the bonds issued by DeLand Building Company. There are no allegations upon which any court could base a decree awarding any equitable relief against Francis P. Whitehair.

The fourth pertinent paragraph is as follows: ". . . that during the lifetime of said G. A. Dreka, he gave to said Francis P. Whitehair and J. Godfrey Dreka various sums of money to buy in and for him outstanding bonds against said G. A. Dreka & Company; that in his last will said G. A. Dreka left all of his property, real, personal and otherwise to his wife, the said Annie E. Dreka; that since the death of said G. A. Dreka, Annie E. Dreka has received none of said bonds which were purchased by the said G. A. Dreka during his lifetime and which constituted a portion of his personal property, nor has any accounting been made either by the said Francis P. Whitehair or said J. Godfrey Dreka to said Annie E. Dreka for any of such bonds; that said Francis P. Whitehair has purchased in his fiduciary capacity as attorney for the Dreka family, at a percentage of their face value, various bonds of G. A. Dreka & Company; that said Francis P. Whitehair now in his aforesaid letter of May 20, 1938, pretends and claims to hold all of

the bonds against said building in his own right and not as attorney for any or all of said Dreka family."

There is no allegation in this paragraph that any bonds alleged to have been purchased for G. A. Dreka by Francis P. Whitehair and J. Godfrey Dreka were held by them in trust for G. A. Dreka at the time of his death; nor is there any allegation that such bonds were held at all by Whitehair and J. Godfrey Dreka at the time of the death of G. A. Dreka. There is no allegation that requires an answer from either Whitehair or J. Godfrey Dreka as to any of the allegations of this paragraph.

The paragraph is wholly without equity because it nowhere proffers to reimburse Whitehair for any sums of money which he may have expended in the purchase of the bonds referred to. The paragraph does not allege any such state of facts as would require an accounting from Whitehair and J. Godfrey Dreka.

The fifth and last pertinent paragraph is as follows:

"That upon being informed by said Francis P. Whitehair by said letter of May 20, 1938, that she owned no interest in said DeLand Building Company, which company, according to aforesaid letter of Francis P. Whitehair to said Annie E. Dreka dated May 17, 1938, owned the building said Annie E. Dreka, A. F. Dreka and Maxwell Dreka, plaintiffs, hired attorneys to investigate the DeLand Building Company, G. A. Dreka & Company, and other corporations in which they might have interest; that upon tracing the record of such property it was found that a purported deed, purportedly conveying said property was executed by G. A. Dreka & Company, and signed by G. A. Dreka as President, to DeLand Building Company, dated December 28, 1935."

Certainly, there is nothing in this paragraph which Whitehair should be required to answer.

All paragraphs taken together, the bill fails to contain allegations that 'warrant any relief in equity or otherwise against Whitehair.

At most, the allegations are but veiled innuendoes reflecting upon the integrity of a member of the bar and calculated to injure his good name and reputation. The allegations entirely fail to point to any act of fraud or double dealing. It is elementary that if fraud is charged against any one as a ground for relief in a court of equity, the acts relied on as constituting fraud must be clearly and specifically alleged and that without such clear and specific allegations of fraud no relief can be had.

Therefore, the decree should be affirmed.

## On Rehearing

Per Curiam.—This cause coming on to be heard on petition of respondents for a rehearing and for modification of the judgment entered herein November 22, 1940, and the Court being fully advised in the premises, it is upon consideration thereof ordered and decreed that the petition for rehearing be denied. As to the motion for modification of the judgment, it appears that the cause has been pending for more than eighteen months, that such litigation while pending tends to reflect on the character and integrity of some of the respondents, and that Section Four of the Declaration of Rights requires that all litigation be disposed of without delay. It is accordingly ordered that the judgment of November 22, 1940, be amended so as to direct the Chancellor to enter an order allowing the petitioners thirty days from the date hereof, unless in his discretion more time should be allowed in which to make up the issues and to take and submit such testimony as they may care to offer in support of their contention and that following such period, respondents may have thirty days to take and submit such

testimony as they may care to offer. The relators may if they desire then be awarded such brief period as the chancellor may deem proper to submit any rebuttal testimony. The cause shall then be ready for final disposition and shall be promptly considered.

It is so ordered.

TERRELL, C. J., WHITFIELD, BUFORD, BROWN and CHAPMAN, J. J., concur.

Justices THOMAS and ADAMS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.