V. G. Massaro, *et al.*, Appellants, v. Tampa Better Milk Producers Co-Operative, a Non-Profit Corporation, Appellee.

200 So. 211

En Banc

Opinion Filed February 4, 1941

*Mabry, Reaves, Carlton & White,* for Appellants;

*R. J. Duff* and *Whitaker Brothers,* for Appellee.

Per Curiam.—Appeal brings for review order dismissing bill of complaint by which it was sought to coerce partition of property owned by a non-profit corporation organized as a coöperative association under the provisions of Chapter 14675, Acts of 1931, after plaintiffs had withdrawn from and ceased to be members of the association.

In the original bill accounting was sought to ascertain the amounts due the appellants under the terms of the contract under which they each delivered milk to the coöperative

before each withdrew from the association and ceased to deliver milk to it.

After the bill was filed defendant agreed with plaintiffs as to the amount so due and paid the same in full, which was shown by stipulation filed, whereupon that portion of the bill relating to such accounting was stricken.

Then motion was granted and order entered dismissing the bill for want of equity.

It is contended that the action of plaintiffs in withdrawing from the association and terminating their contracts to deliver milk to the association was not a voluntary withdrawal, but was a course which they were forced to pursue because of the adoption of a course of business and operations of the association by the board of directors and agreeable to a majority of the membership but which plaintiffs alleged was detrimental to the interests of the association and to their interest as members and a course of action not contemplated by their contracts with the association.

The alleged action of the association in this regard was within the purview of Section 5 of the membership agreement.

Much might be written in support of the decree appealed from but we perceive no useful purpose to be served thereby.

Plaintiffs had their option either to go along with the association or to withdraw. They chose the latter course because, as they allege in effect, they deemed it to be to their better business interest to do so.

Our conclusion is that the withdrawal was voluntary and that the principles enunciated and applied in the case of Clearwater Citrus Growers Association v. Andrews, 81 Fla. 299, 87 Sou. 903, are controlling here.

66

The decree is affirmed.

So ordered.

Affirmed.

WHITFIELD, TERRELL, BUFORD, CHAPMAN and THOMAS, J. J., concur.

BROWN, C. J., concurs in judgment.

ADAMS, J., not participating.