**ANNIE E. DREKA**, a widow, **A. F. DREKA** and **MAXWELL DREKA**, v. **FRANCIS P. WHITEHAIR**, **J. GODFREY DREKA**, **DE LAND BUILDING COMPANY**, a corporation, and **G. A. DREKA & COMPANY**, a corporation.

8 So. (2nd) 23                                                    En Banc
May 8, 1942                                 Rehearing Denied May 26, 1942

Carson, Petteway & Roman, for appellants.

Hull, Landis & Whitehair, Francis P, Whitehair and James H. Sweeney, Jr., for appellees.

PER CURIAM:

On previous appeals it was held that the sworn bill of complaint herein, filed May 28, 1938, seeking an accounting and other relief, does not wholly fail to state a cause of action. Dreka, et al., v. Whitehair, et al., 140 Fla. 802, 192 So. 321; Dreka, et al., v. Whitehair, et al., 145 Fla. 102, 199 So. 579. See 5 Am. Jur. pp. 288, 293; Williams v. Bailey, 69 Fla. 225, 67 So. 877; Bolles v. O'Brien, 63 Fla. 342, 59 So. 133.

The general nature of the issues presented may be understood by referring to the quoted parts of the final decree and other portions of the record.

The prayer of the bill of complaint includes the following:

"Wherefore, the Plaintiffs Pray:

"1. That the said deed of December 28, 1935, from said G. A. Dreka & Company to said DeLand Building Company be declared invalid, and that said property purportedly conveyed thereby be declared to be owned by said G. A. Dreka & Company.

"2. That said contracts between J. Godfrey Dreka and said plaintiffs, Annie E. Dreka, A. F. Dreka, and Maxwell Dreka, for the purchase of said plaintiffs' stock in said G. A. Dreka & Company be set aside.

"3. That said Francis P. Whitehair be found to have been acting as attorney for G. A. Dreka & Company and for the Dreka family in the acquisition of any bonds outstanding against said G. A. Dreka & Company.

"4. That an accounting be had as to the price or prices paid by said Francis P. Whitehair for said bonds, and that upon compensation therefor the said bonds be declared to be owned by said Dreka family."

Upon the answers filed in which essential allegations of the bill of complaint were severally denied, and defensive matters were averred, testimony was taken before the Circuit Judge. Voluminous evidence was adduced.

It appears that G. A. Dreka in his lifetime conducted a large mercantile business in a building owned by him. He formed a corporation, G. A. Dreka & Company, and conveyed the property to the corporation, dividing the corporate stock among members of his family. In 1927 the building was mortgaged to secure a $100,000.00 bond issue. On December 28, 1935, a stated conveyance of the building, subject to the bond mortgage, to the "DeLand Building Com-

pany" a corporation of which Francis P. Whitehair was president, "was executed by G. A. Dreka & Company, and signed by G. A. Dreka, as President," the attached seal of the company being attested by "J. G. Dreka, Secretary-Treasurer." G. A. Dreka died January 4, 1936. Thereafter J. Godfrey Dreka acquired by contract stock held by others including the widow.

The bill of complaint contains the following:

". . . that during the lifetime of said G. A. Dreka, he gave to said Francis P. Whitehair and J. Godfrey Dreka various sums of money to buy in for him outstanding bonds against said G. A. Dreka & Company; that in his last Will said G. A. Dreka left all of his property, real, personal, and otherwise, to his wife, the said Annie E. Dreka; that since the death of said G. A. Dreka, Annie E. Dreka has received none of said bonds which were purchased by the said G. A. Dreka during his lifetime and which constituted a portion of his personal property, nor has any accounting been made either by the said Francis P. Whitehair or said J. Godfrey Dreka to said Annie E. Dreka for any of such bonds; that said Francis P. Whitehair has purchased in his fiduciary capacity as attorney for the Dreka family, at a percentage of their face value, various bonds of G. A. Dreka & Company; that said Francis P. Whitehair now in his aforesaid letter of May 20, 1938, pretends and claims to hold all of the bonds against said building in his own right and not as attorney for any or all of said Dreka family."

The final decree of the court states:

"Upon the announcement of plaintiffs' counsel that plaintiffs 'rest', the defendants, and each of them, presented a motion which has been written into the

record, moving the Court to consider the issues, testimony and evidence of the plaintiffs and the defendants then before the Court, and upon consideration thereof enter an order denying the plaintiffs the prayer for an accounting and dismissing the cause. . . .

"In view of the fact that one of the main purposes of this proceding is to obtain an accounting, the Court is of the opinion that it is proper at this time to consider defendants' motion and enter its order. The Court has heard all of the testimony offered by plaintiffs and the one witness produced by them." . . .

"Plaintiffs have wholly failed to establish by competent proof any fiduciary relationship as having existed at any time between them and the defendant, Francis P. Whitehair. . . .

". . . they have wholly failed to show that the sale of their stock in G. A. Dreka & Company was procured by duress or undue influence; . . ."

After making statements and findings, the decree concludes as follows:

". . . the Court finds:

"1.   That the equities in this case are within the defendants. .

"2.   That the plaintiffs are not entitled to an accounting from the defendants or any of them.

"3.   That the sale of the stock from the plaintiffs to the defendant, Godfrey Dreka, was a valid sale and should not be set aside.

"That the deed from G. A. Dreka & Company to DeLand Building Company, dated December 28, 1935, is valid.

"Therefore, upon consideration thereof, it is Ordered, Adjudged and Decreed:

"1. That the defendants' said motion be and the same is hereby granted.

"2. That the plaintiffs have shown no right to an accounting from any of the defendants, and said prayer for an accounting is hereby denied.

"3. That this action be and the same is hereby dismissed with prejudice at the cost of the plaintiffs."

Plaintiffs appealed and stated "the following questions for adjudication. . . .:

"1. Did the Circuit Court err in dismissing this cause upon motion by the defendants at the conclusion of plaintiffs' testimony and proofs in support of their bill of complaint?

"2. Did the Circuit Court err in dismissing this cause at the cost of and with prejudice to the plaintiffs?

"3. Did the Circuit Court err in holding that the plaintiffs showed no right to an accounting from any of the defendants and denying plaintiffs' prayer for an accounting?

"4. Did the Circuit Court err in finding at the conclusion of plaintiffs' testimony that the equities of the cause were with the defendants?

"5. Did the Circuit Court err in finding at the conclusion of the plaintiffs' testimony that plaintiffs were not entitled to an accounting from the defendants nor any of them?

"6. Did the Circuit Court err in finding at the conclusion of plaintiffs' testimony that the deed from G. A. Dreka & Company to DeLand Building Co. dated December 28, 1938, was invalid?

"7. Did the Circuit Court err in finding at the conclusion of plaintiffs' testimony that the sale of the

stock of the plaintiffs in G. A. Dreka & Co., to the defendants was a valid sale and should not be set aside?"

Upon a careful consideration of the entire record, the conclusion is reached that the decree appealed from has legally sufficient support in that the allegations of the bill of complaint as to the existence (See 5 American Jurisprudence 342) of a fiduciary relationship of Francis P. Whitehair as counsel with reference to the matters involved in the accounting sought, and other allegations that are essential for the relief prayed, have not been sufficiently sustained by the evidence, and that the issues and evidence did not require Whitehair or any of the defendants to adduce further evidence. See 1 C. J. S. p. 677, Sec. 39; 7 C. J. S. pp. 849, 991. Therefore the decree rendered on motion of defendants dismissing the bill of complaint when the plaintiffs had "rested" their case on final hearing, is not on this appeal shown to be erroneous, and the decree is hereby affirmed.

Affirmed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN, THOMAS, and ADAMS, JJ. concur.