T. F. ADAMS, et al., v. SANFORD GROWERS CREDIT CORPORATION, a corporation, et al.

9 So. (2nd) 713                                    Division A
July 24, 1942                    Rehearing Denied October 13, 1942

G. P. Garrett and Garland W. Spencer, for appellants.

Lloyd F. Boyle, and Crofton & Wilson, for appellees.

PER CURIAM:

This is the second appearance of this case here. See Adams, et al., v. Sanford Growers Credit Corporation, et al., 135 Fla. 513, 186 Sou. 239.

On the going down of the mandate pursuant to our opinion and judgment supra, the plaintiffs in the court below amended their bill of complaint wherein they pleaded, amongst other things, the by-laws adopted by the Association on August 2, 1935.

The defendant answered the amended bill of complaint. Master was appointed and testimony was taken. Thereafter the chancellor made findings of fact and entered final decree in favor of the defendant.

During the progress of the hearing a stipulation was entered into as follows:

"Come now the plaintiff T. F. Adams and the defendant Sanford-Oviedo Truck Growers Inc., and hereby stipulates as follows, to-wit:

"That for the purpose of expediting the final hearing in this case and saving time in taking additional testimony deemed necessary by the defendant, Sanford-Oviedo Truck Growers, Inc., the commission charges of the said defendant for the seasons 1934-35; 1935-36; and 1936-37 is agreed at 10c per package shipped.

"Nothing herein contained shall be taken as an admission on the part of the said plaintiff that the

said commission charges were or are due to the said defendant by the said plaintiff but the amount of 10c per package as set forth herein may be used as a basis of compensation should the Court hold, after hearing the evidence, that the said defendant is entitled to recover any or all of the commission claimed by the said defendant from the said plaintiff, and for no other purpose.

"Dated this the 3rd day of December, A. D. 1941."

The by-laws of August 2, 1935, were introduced in evidence and properly received because they had been pleaded, as stated supra, by the plaintiffs and relied upon for their rights of recovery.

The stipulation definitely fixed the basis for the charge to be made by the Association against the member for the member's failure to ship its fruit or vegetables through the Association and shipping the same through other facilities.

We have mentioned the pleading of the by-laws and the filing of the stipulation because by so pleading the by-laws and entering into the stipulation the plaintiffs eliminated any question as to the application of the by-laws adopted August 2, 1935, and also eliminated any question as to the amount per crate or box which the Association was entitled to collect from the member shipping its fruit through some other instrumentality or organization instead of shipping through the Association as the member's contract with the Association required such member to do.

The plaintiffs being bound by the by-laws and by the stipulation, the answers to the other questions to be determined and which were determined by the chancellor depended entirely upon the weight and

sufficiency or probative force of the evidence concerning other points at issue.

There was involved the question of what amount the Association should be required to pay per share for the stock held by retiring members. The by-laws are vague and indefinite as to what amount should be paid. Section 10 of Article I of the By-laws is as follows:

"In the case of the death or retiring of a member in good standing the Board of Directors will buy their stock at not over par value."

Section 8 of Article II provides:

"The Board shall not retire any part of the stock held by any non-active member unless such member shall agree in writing to sell to the organization the balance of its holding at not more than par value."

It became a matter for the Court to determine the reasonable value of the plaintiff's stock and, based thereon, the amount which the Association should pay for said stock. The record shows the par value of the stock was $10.00 per share. Much evidence was introduced tending to prove the value of the stock and there was substantial evidence to show that the reasonable value was $5.00 per share, which amount was accepted and used by the Circuit Court in arriving at a proper accounting between the parties. This is not clearly shown to be error.

We find from an examination of the record that there was ample substantial evidence to support the decree of the chancellor in every particular. It could serve no useful purpose to set out or delineate the evidence upon the several issues presented. It is sufficient to say that an examination of the entire

record fails to disclose any reversible error. Therefore, the decree should be and is affirmed.

So ordered.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, JJ., concur.