463 P.2d 836

**ARIZONA RANGERS, INC., Board of Directors, Appellant,**

v.

**BISBEE COMPANY et al., Appellees.**

**No. 2 CA–CIV 733.**

Court of Appeals of Arizona,
Division 2.

Jan. 19, 1970.

Rehearing Denied Feb. 18, 1970.

Review Denied March 17, 1970.

John A. Vosburgh, Tucson, for appellant.

Gentry, McNulty, Toci & Borowiec, by Matthew W. Borowiec, Bisbee, for appellees.

HOWARD, Chief Judge.

The appellant-plaintiff sued appellees for the return of shoulder badges, patches, radios and the sum of $232.82 cash, all of which allegedly belong to appellant. Cross motions for summary judgment were made. The trial court rendered the appellees' motion for summary judgment and denied summary judgment to the appellant.

It is admitted in the pleadings that appellant, Arizona Rangers, Inc., is a nonprofit corporation organized and existing under and by virtue of the laws of the State of Arizona and the individually named defendants were officers or members of the Bisbee Company and Benson Company of the Arizona Rangers. The affidavit of Robert Shelton in support of appellees' motion for summary judgment stated that he was one of the defendants; that he formerly was a member of the Bisbee Company of the Arizona Rangers; that pursuant to meetings duly had of both the Bisbee and Benson Companies of the Arizona Rangers, said companies disbanded and all members thereof resigned as Arizona Rangers effective as of October 15, 1966; that said companies do not now exist; that all property in the possession of said companies was duly disposed of ac-

cording to the wishes of the majority of the respective members of said companies; that prior to said disbanding, both the Bisbee and Benson Companies held funds in trust with the members of said companies in general funds; that said funds were acquired by said companies primarily from dues paid and that the balance of said funds was derived from fund raising projects held by the respective Benson and Bisbee Companies; that from the said funds, other items of personal property were acquired such as radios, purchased by the Bisbee Company, and walkie-talkies, purchased by the Benson Company; that no property was given or distributed to the Bisbee or Benson Companies by the Headquarters Company of the Arizona Rangers, to be held in trust for said Headquarters Company; that all badges and patches held by any of the defendants in the above captioned matter were purchased by the individual defendants with their own funds; that from all fund raising projects held by either the Bisbee or Benson Companies, the appropriate and applicable percentage of the net profits from said funds was paid to the Headquarters Company and there is nothing owing to said Headquarters Company from either the Bisbee or Benson Companies by virtue of having held fund raising projects.

The members of the Bisbee and Benson Companies retained their badges and patches. The cash and radios were donated to the Cochise County Sheriff's Reserve.

Copies of the by-laws and articles of incorporation of the appellant were attached to the answers to interrogatories. The articles of incorporation show that the appellant is a non-profit, non-stock corporation organized under the laws of the State of Arizona. The objects and purposes are to render assistance to local law enforcement agencies when asked to do so, to support youth activities, to support any activity which, in the judgment of the voting membership of the corporation, is deemed to be of benefit to or in the best interests of the nation, the State of Arizona and the local community, and to engage in activities which tend to keep alive the traditions of the Old West. The articles of incorporation further give the corporation power to purchase and hold real property. Although the entire text of the by-laws was not presented to the court, it is obvious from looking at the by-laws that the corporation is divided into companies.

The by-laws state that company officers shall represent their companies and further provide for the payment of certain dues and fees. The by-laws require each company to establish dues and fees and further require payment to the Headquarters Company of the Arizona Rangers certain amounts from the initiation fees and dues which the companies collect from their members. The by-laws further provide that fifty per cent of the net profits from any money-making activity conducted by the companies shall be paid to the Headquarters Company of the Arizona Rangers.

The appellant contends the trial court erred in granting summary judgment upon the grounds that, since appellant is a corporation, title to all corporate property is in the corporation and not in its members and that the members had no power to dispose of corporate property.

The general rule is that when a member of a non-profit corporation voluntarily withdraws from it, he forfeits all interest in the property of the corporation. Clearwater Citrus and Growers' Association v. Andrews, 81 Fla. 299, 87 So. 903 (1921). It is evident in this case however, that the only obligation placed upon the subordinate companies, according to the by-laws, was to transfer to appellant a certain portion of the dues and funds raised by the subordinate companies. After a subordinate company met this obligation, it was free to do with the balance of its funds as it pleased.

The appellees in this case chose to give the funds and property purchased by the funds to the Cochise County Sheriff and then dissolve its membership. This action

was entirely consistent with the by-laws. The only evidence presented to the trial court as to the badges and patches was that they were purchased by the individual appellees with their own money. The badges and patches belong to them and not the appellant.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.